JN/AES:AE
F. #2018R00201

\*\*\*FILED\*\*\*

5:18 pm, Mar 19, 2021

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

UBONG UBOH,
     also known as "Jonathan
     Goldman," "Frank Goldman"
     and "Nino,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **1:21-cr-00146(RPK)(CLP)**

(T. 15, U.S.C., §§ 78j(b) and 78ff; T. 18,
U.S.C., §§ 371, 981(a)(1)(C), 1349, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and his Co-Conspirators

     1.     The defendant UBONG UBOH, also known as "Jonathan Goldman,"

"Frank Goldman" and "Nino," was a resident of Miami, Florida and was employed at various

call centers located in Miami (collectively, the "Florida Call Rooms"), which promoted the

stocks of publicly traded companies to individual investors in the United States, including in

New York, using false information, false identities and market manipulation techniques,

including by engaging in coordinated trading to create the appearance of genuine volume and

interest in the stocks.

     2.     Co-Conspirator-1 ("CC-1"), an individual whose identity is known to the

Grand Jury, ran the Florida Call Rooms and paid the defendant UBONG UBOH and others,

directly and indirectly, for their call center work.   CC-1 also identified himself to potential investors using various false identities.

3.       Co-Conspirator-2 ("CC-2"), an individual whose identity is known to the Grand Jury, worked in the Florida Call Rooms.   CC-2 cold-called potential investors using false identities.

II.    <u>Relevant Entities</u>

4.       Cyberfort Software Inc. ("CYBF") was a publicly traded company based in California that was purportedly involved in the cybersecurity and software security business. CYBF had no reported revenue or profit from approximately March 2016 through March 2019.

5.       EnviroTechnologies International Inc. ("ETII") was a publicly traded company based in Utah that was purportedly involved in the cannabidiol ("CBD") market and in marketing environmentally safe products and solutions to oil and gas, agriculture and consumer product industries.

6.       Evolution Technology Resources Inc. ("ETKR") was a publicly traded company based in Canada that was purportedly involved in the gaming and gambling industry. ETKR had no reported revenue or profit from approximately January 2017 through December 2018.

7.       Link Reservations Inc. ("LRSV") was a publicly traded company based in the United Kingdom that was purportedly involved in the CBD market, the crypto-currency market and the travel reservation industry.   LRSV had no reported revenue or profit from approximately December 2015 through December 2018.

III.     Relevant Regulatory Principles and Definitions

8.     A "security" was, among other things, any note, stock, bond, debenture, evidence of indebtedness, investment contract or participation in any profit-sharing agreement.

9.     A "public company" was a company that issued securities and traded its stock on a stock exchange or over-the-counter market.   The company's shareholders were the equity owners of the company.   Daily trading in the market determined the value of the company.

10.     "Microcap" or "penny" stocks referred to stocks of publicly traded U.S. companies that had a low market capitalization.   Microcap stocks were often subject to price manipulation because they were thinly traded and subject to less regulatory scrutiny than stocks that traded on notable exchanges.

11.     "Over-the-counter" ("OTC") referred to how securities of public companies that were not listed on a centralized exchange, such as the New York Stock Exchange or NASDAQ, were traded.   OTC trades occurred over a broker-dealer network. Penny stocks were typically traded OTC.

IV.     The Fraudulent Schemes

A.     The Stock Promotion Scheme

12.     In or about and between February 2016 and October 2018, the defendant UBONG UBOH, together with others, including CC-1 and CC-2, engaged in a scheme to defraud investors and potential investors in the purchase of publicly traded microcap companies including, among others, CYBF, ETII, ETKR and LRSV (collectively, the "Promoted Companies").   To execute the fraudulent scheme, UBOH and his co-conspirators (a) orchestrated coordinated trading of the Promoted Companies' stock to create the appearance of

3

genuine trading volume and interest in the stock, and (b) made material misrepresentations in their communications with victim investors relating to, among other things, the identities of the stock promoters, the promoters' affiliations and the advisability of purchasing the stock of the Promoted Companies.

13.     The defendant UBONG UBOH and other stock promoters used deceptive practices during their communications with victim investors, including using false names and assumed identities.   UBOH falsely claimed to be "Jonathan Goldman," "Frank Goldman" and Individual-1, an individual whose identity is known to the Grandy Jury, who was (unlike UBOH) legitimately affiliated with ETKR.   UBOH and his co-conspirators also falsely claimed that they were affiliated with investors' brokerage firms, other real investment-related companies and a NASDAQ-affiliated entity.   In addition, UBOH and his co-conspirators misled potential investors about the advisability of investing in the Promoted Companies by falsely claiming, among other things, that there would be a two-for-one stock split where the trading price would remain the same and that investors could expect to make ten times their investment.

14.     In furtherance of this scheme, the defendant UBONG UBOH and his co-conspirators made telephone calls to persuade investors and potential investors, including senior citizens, to purchase stock in the Promoted Companies.   UBOH and his co-conspirators often used pre-paid cellphones to call these investors.

15.     In addition, the defendant UBONG UBOH, together with others at the Florida Call Rooms, traded in their own accounts in certain of the Promoted Companies' securities to make it appear that there was genuine trading volume and market interest in these securities.   UBOH and his co-conspirators did not disclose to the victim investors that he and his co-conspirators were artificially generating share price movements and trading volume.

4

16.     Investors, including residents of Brooklyn and Queens, New York, among other locations within the Eastern District of New York and elsewhere, purchased shares of the Promoted Companies during the time that the defendant UBONG UBOH and his co-conspirators promoted the stocks of the Promoted Companies.

1.     Misrepresentations Related to ETII

17.     In or about and between February 2017 and April 2017, the defendant UBONG UBOH, together with others, falsely promoted ETII to unsuspecting investors in the Eastern District of New York and elsewhere.

18.     For example, as part of the scheme, in approximately 2017, the defendant UBONG UBOH used the alias "Frank Goldman" to call Jane Doe, an individual whose identity is known to the Grand Jury, who was a resident of Massapequa, New York.   UBOH placed the calls using a pre-paid cellphone.   During the conversations, UBOH, in sum and substance, falsely told Jane Doe, among other things, that he was working with a NASDAQ-affiliated company and that ETII was a "sure thing" that would make her very rich.   Jane Doe bought approximately 50,000 shares of ETII stock in or about February 2017 and March 2017 and bought approximately 600 shares of ETII stock in or about July 2017.

2.     Misrepresentations Related to ETKR

19.     In or about and between September 2017 and November 2017, the defendant UBONG UBOH, together with others, falsely promoted ETKR to unsuspecting investors in the Eastern District of New York and elsewhere.   UBOH and others used various aliases and pre-paid cellphones to call potential investors and make false and misleading statements concerning who they worked for and the advisability of buying ETKR stock.

20.     For example, as part of the scheme, in approximately October 2017 and November 2017, the defendant UBONG UBOH used a pre-paid cellphone to call John Doe, an individual whose identity is known to the Grand Jury and who was a resident of Huntington Station, New York.   UBOH, among other things, claimed to be Individual 1, an actual person that was affiliated with ETKR.   During multiple calls, UBOH convinced John Doe to purchase ETKR stock.   John Doe bought approximately 250,000 shares of ETKR stock in or about October 2017 and November 2017.

B.     The Private Placement Scheme

21.     In or about and between September 2017 and October 2018, the defendant UBONG UBOH, together with others, including CC-2, engaged in a scheme to defraud John Doe.   Specifically, UBOH and CC-2 convinced John Doe to transfer $500,000 for a purported private placement investment opportunity in Company 1, a private company the identity of which is known to the Grand Jury.

22.     The defendant UBONG UBOH and CC-2 placed telephone calls to John Doe in which they falsely told John Doe that he could participate in the purported private placement of Company 1 by investing in Company 2, an entity the identity of which is known to the Grand Jury.   In reality, Company 2 had no relation to Company 1 or to Company 1's stock, but was an entity owned and controlled by UBOH's associate, Co-Conspirator 3, an individual whose identity is known to the Grand Jury.

23.     As a result of the false information provided to John Doe by the defendant UBONG UBOH and CC-2, John Doe sent $500,000 in cashier's checks made payable to Company 2 and Company 3, an entity the identity of which is known to the Grand Jury, which

was owned and controlled by an associate of CC-2.   This money was then distributed between UBOH, CC-2 and other co-conspirators.

24.     In furtherance of this scheme, the defendant UBONG UBOH, together with others, sent and caused to be sent a purported Company 2 stock certificate to John Doe's residence in Huntington Station, New York by United States mail.

<u>COUNT ONE</u>
(Conspiracy to Commit Securities Fraud)

25.     The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

26.     In or about and between May 2016 and October 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did knowingly and willfully conspire to use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (i) employing one or more devices, schemes and artifices to defraud; (ii) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in the Promoted Companies, in connection with the purchase and sale of investments in the Promoted Companies, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United State Code, Sections 78j(b) and 78ff.

7

27.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did commit and cause the commission of, among others, the following:

<u>OVERT ACTS</u>

(a)    On or about October 10, 2016, CC-2 purchased approximately 3,000 shares of LRSV stock.

(b)    On or about October 17, 2016, CC-1 purchased approximately 389 shares of LRSV stock.

(c)    On or about December 1, 2016, CC-1 purchased approximately 10,000 shares of CYBF stock.

(d)    On or about December 6, 2016, CC-2 purchased approximately 2,000 shares of CYBF stock.

(e)    On or about February 7, 2017, CC-2 purchased approximately 100 shares of ETII stock.

(f)    On or about February 14, 2017, CC-1 purchased approximately 1,000 shares of ETII stock.

(g)    On or about February 14, 2017, CC-1 purchased approximately 100 shares of CYBF stock.

(h)    On or about February 28, 2017, UBOH purchased approximately 100 shares of ETII stock.

(i)    On or about March 3, 2017, UBOH purchased approximately 100 shares of CYBF stock.

8

(j)     On or about October 31, 2017, UBOH used a pre-paid cellphone to speak with John Doe.

(k)     On or about November 2, 2017, UBOH used a pre-paid cellphone to speak with John Doe.

(l)     In or about and between October 2017 and November 2017, John Doe purchased shares of ETKR stock.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

<u>COUNT TWO</u>
(Conspiracy to Commit Wire Fraud)

28.     The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

29.     In or about and between May 2016 and October 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and potential investors in the Promoted Companies, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

9

## COUNT THREE
(Conspiracy to Commit Mail and Wire Fraud)

30.     The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

31.     In or about and between September 2017 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud John Doe in connection with a purported investment in Company 1 and Company 2, and to obtain money and property from John Doe by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice:

(a)     to deliver and cause to be delivered one or more matters and things by the Postal Service according to the direction thereon, contrary to Title 18, United States Code, Section 1341; and

(b)     to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT FOUR
(Securities Fraud – ETII)

32.     The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

33.     In or about and between February 2017 and April 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

10

UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in the Promoted Companies, in connection with the purchase and sale of investments in ETII, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Securities Fraud – ETKR)

34.     The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

35.     In or about and between September 2017 and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant UBONG UBOH, also known as "Jonathan Goldman," "Frank Goldman" and "Nino," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations,

11

Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud;

(b) making one or more untrue statements of material fact and omitting to state one or more

material facts necessary in order to make the statements made, in light of the circumstances

under which they were made, not misleading; and (c) engaging in one or more acts, practices and

courses of business which would and did operate as a fraud and deceit upon investors and

potential investors in the Promoted Companies, in connection with the purchase and sale of

investments in ETKR, directly and indirectly, by use of means and instrumentalities of interstate

commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States

Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

36.     The United States hereby gives notice to the defendant that, upon his

conviction of any of the offenses charged herein, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), which require any person convicted of such offenses to forfeit any

property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly

as a result of such offenses.

37.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

12

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

13

F.#: 2018R000201
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

UBONG UBOH,

Defendant.

## INDICTMENT

(T. 15, U.S.C. §§78j(b) and 78ff; T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1349, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _*day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
*Clerk*

*Bail,* $ _ _ _ _ _ _ _ _ _ _ _ _

_____
*Andrew Estes, Trial Attorney (718) 254-6250*